IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE A. WINKELMAN, :
    Petitioner, :
v. : No. 4:CR-01-304
: No. 4:CV-07-348
UNITED STATES OF AMERICA, :
    Respondent : (Judge McClure)

**M E M O R A N D U M**

July 7, 2010

**BACKGROUND:**

On June 18, 2003, a jury in the Middle District of Pennsylvania found defendant George A. Winkelman guilty of five counts related to narcotics trafficking. On November 12, 2003, we sentenced defendant George Winkelman to a term of imprisonment of 720 months.

Winkleman appealed his conviction. On May 18, 2006, the United States Court of Appeals for the Third Circuit affirmed his conviction, but vacated the sentence and remanded the case for resentencing under United States v. Booker, 543 U.S. 220 (2005). On October 17, 2006, we resentenced George Winkelman to a term of imprisonment of 480 months. George Winkelman appealed the sentence but later moved to withdraw the appeal and the Third Circuit granted his motion to

withdraw on January 19, 2007.

On February 23, 2007, George Winkelman filed a motion and supporting brief under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Rec. Doc. Nos. 1020-21.) On March 10, 2008, we denied Winkelman's § 2255 motion. (Rec. Doc. No. 1076).

Presently before the court are several motions filed by Winkelman. These are a "Motion for Fraud Upon the Court," Motion for Discovery, a Motion to Appoint Counsel, and a "Motion for Expedited Decision on Petitioner's Motion for Appointment of Counsel." (Rec. Doc. Nos. 1114, 1118, 1120 and 1128). Winkelman filed briefs in support of his Motions for Fraud Upon the Court, Discovery and for Appointment of Counsel. (Rec. Doc. Nos. 1116, 1119 and 1121). The government filed an opposing brief on June 6, 2010. (Rec. Doc. No. 1129). Winkelman filed a reply brief on June 18, 2010. (Rec. Doc. No. 1131).

Now, therefore, for the following reasons, we will deny all of the motions.

**DISCUSSION:**

Winkelman's first motion is titled "Motion Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for Fraud on the Court." Petitioner's motion asserts that the Assistant United States Attorney prosecuting Winkelman presented fabricated evidence and perjured testimony. Although Winkelman states that "this

motion is in no way a second or successive 28 U.S.C. § 2255" motion, we disagree. (Rec. Doc. No. 1114 at 11 and 20). Petitioner argues that the motion should be considered pursuant to Fed. R. Civ. P. 60(b)(4) because there was "a violation of the integrity of the judicial proceedings." (Rec. Doc. No. 1114 at 20). However, petitioner's Rule 60(b) motion is not attacking the manner in which the earlier § 2255 judgment was procured. Petitioner is seeking to attack the underlying conviction. Because of this, the instant motion will be treated as a second or successive § 2255 motion. See Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

Petitioner did not obtain prior certification from the Third Circuit before filing his second or successive § 2255 motion as required by 28 U.S.C. § 2255(h). Accordingly, this court must deny petitioner's motion, as we lack jurisdiction to consider the merits of the motion.

Next we turn to Winkelman's "Motion for Discovery Pursuant to Rule 30 of the Federal Rules of Civil Procedure." (Rec. Doc. No. 1118). Because there is no civil case, Rule 34 does not apply. We will deny petitioner's motion for discovery.

Finally, Winkelman filed a "Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915" and a "Motion for Expidited [sic] Decision on Petitioner's

Motion Filed on or About February 17, 2010 for Appointment of Counsel." (Rec. Doc. Nos. 1120 and 1128. There is no absolute constitutional right to appointment of counsel in a federal habeas proceeding. Coleman v. Thomson, 501 U.S. 722, 757 (1991). However, under 18 U.S.C. § 3006A(a)(2), representation may be provided for an indigent petitioner in a federal habeas claim when "the interests of justice so require."

In Tabron v. Grace, the Third Circuit announced the factors that are to be considered by a district court in deciding whether to exercise its discretion and appoint counsel to an indigent litigant in a civil case. 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994) Although the Third Circuit in Tabron was applying 28 U.S.C. § 1915(e)(1), several courts have held that the factors set out by the Third Circuit are equally applicable to 18 U.S.C. § 3006A(a)(2), which pertains to appointment of counsel in habeas proceedings. Kotey v. Gonzalez, Civ. No. 07-1136, 2007 WL 951436, at * 1 (D.N.J. 2007) (Linares, J.); Santos v. Diguglielmo, Civ. No. 06-2471, 2007 WL 675351, at * 1-2 (M.D.Pa. 2007) (Mannion, M.J.).

Under Tabron, the first consideration by a district court should be whether the petitioner's claim has "some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 157). Only after

4

determining that the claim has some merit should the court consider these six additional factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such an investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can obtain and afford counsel on his own behalf. Id. at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n. 5).

We do not believe that Winkelman is able to satisfy the threshold factor of showing that his claims have some merit in both law and in fact. We have already extensively reviewed his prior § 2255 motion and found it to be entirely lacking in merit as to both law and fact. For the foregoing reasons, and because we lack jurisdiction to consider the merits of the Rule 60(b) motion, we will deny Winkelman's request for counsel.

**CONCLUSION:**

Winkelman's motion purporting to be a Fed. R. Civ. P. 60(b) motion is actually a second or successive § 2255 motion. Because Winkelman did not obtain a certification by a panel of the Third Circuit Court of Appeals to file a second or successive motion, the motion will be denied.

5

Because there is no pending civil case, we will deny petitioner's motion for discovery.

Because Winkelman's claims have no merit in fact or law, and because we lack jurisdiction to consider the merits of the Rule 60(b) motion, we will deny his motions for counsel.

<pre>
                              s/ James F. McClure, Jr.
                              JAMES F. McCLURE, JR.
                              United States District Judge
</pre>

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE A. WINKELMAN | : | |
| Petitioner, | : | |
| v. | : | No. 4:CR-01-304 |
| | : | No. 4:CV-07-348 |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | (Judge McClure) |

**ORDER**

July 7, 2010

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS ORDERED THAT:**

Winkelman's "Motion for Fraud Upon the Court," Motion for Discovery, Motion to Appoint Counsel, and "Motion for Expedited Decision on Petitioner's Motion for Appointment of Counsel" are all DENIED. (Rec. Doc. Nos. 1114, 1118, 1120 and 1128).

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge