IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| GEORGE WINKELMAN, | : | |
| --- | --- | --- |
| | : | Crim. No. 4:CR-01-304 |
| Petitioner, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| United States of America, | : | |
| | : | |
| Respondent. | : | |

**M E M O R A N D U M**

August 9, 2010

**BACKGROUND:**

On June 18, 2003, a jury in the Middle District of Pennsylvania found defendant George A. Winkelman guilty of five counts related to narcotics trafficking. On November 12, 2003, we sentenced defendant George Winkelman to a term of imprisonment of 720 months.

Winkleman appealed his conviction. On May 18, 2006, the United States Court of Appeals for the Third Circuit affirmed his conviction, but vacated the sentence and remanded the case for resentencing under United States v. Booker, 543 U.S. 220 (2005). On October 17, 2006, we resentenced George Winkelman to a term of imprisonment of 480 months. George Winkelman appealed the sentence

1

but later moved to withdraw the appeal and the Third Circuit granted his motion to withdraw on January 19, 2007.

On February 23, 2007, George Winkelman filed a motion and supporting brief under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Rec. Doc. Nos. 1020-21). On March 10, 2008, we denied Winkelman's § 2255 motion. (Rec. Doc. No. 1076).

Winkelman filed several motions with the court, a "Motion for Fraud Upon the Court Pursuant to Rule 60(b)(6)," Motion for Discovery, a Motion to Appoint Counsel, and a "Motion for Expedited Decision on Petitioner's Motion for Appointment of Counsel." On July 7, 2010, we denied all of Winkelman's motions.

Before the court now is Winkelman's Motion for Reconsideration filed July 16, 2010, requesting the court reconsider our denial of his Rule 60(b) motion. (Rec. Doc. No. 1133). For the following reasons we will deny the motion.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed. 2d 982 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has "... misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rochbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D.Pa.1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D.Pa.1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa.1995).

On July 7, 2010, this court reviewed Petitioner's Rule 60(b)(6) motion and found the substance of the motion to be an attempt to attack his conviction. As Winkelman had previously filed a 28 U.S.C.§ 2255 motion which this court denied on March 10, 2008, we held that although he filed his motion pursuant to Federal Rule of Civil Procedure 60(b)(6), the motion was actually a second or successive § 2255 motion, which we dismissed.

In his Motion for Reconsideration, Winkelman argues that the court misconstrued his motion because he was not intending to attack his conviction, but his motion was to show that the "integrity of the judicial proceedings were violated

3

over and over again," there was "after-discovered fraud,"and that he "was not attacking the manner in which the earlier § 2255 judgment was procured." (Rec. Doc. No. 1133 at 2-4). "A determination whether the Rule 60(b) motion is a "second or successive" habeas petition turns on whether the petitioner is attempting to relitigate the merits of his earlier habeas petition or underlying conviction, or is attacking the "manner in which the habeas judgment was procured." Sharpe v. United States, 2010 U.S. Dist. LEXIS 61577, *5 (June 22, 2010) (Savage, J.), (internal citations omitted). "It is what he contends, not how he characterizes his motion, that controls." Id. Although Winkelman characterized his January 22, 2010 motion as a motion brought under Rule 60(b), his motion attacks the manner in which the government obtained its conviction. (Rec. Doc. No. 1114). Winkelman is attempting to relitigate his conviction. Winkelman had raised claims of fraud by the government in his § 2255 motion filed in 2007. (Rec. Doc. No. 1020). Winkelman filed his notice of election on March 19, 2007. (Rec. Doc. No. 1029).

Because Winkelman is attempting to attack his underlying conviction in a motion he titled as a motion under Rule 60(b), we found the motion to actually be an attempt at a second or successive § 2255 motion. (Rec. Doc. No. 1132). Winkelman did file a notice of election regarding his first § 2255 motion. (Rec.

4

Doc. No. 1029). As a result, Winkelman would need authorization from the Third Circuit before filing a second or successive motion. As a result, we will deny Winkelman's Motion for Reconsideration.

                                                        <u>s/James F. McClure, Jr.</u>
                                                        James F. McClure, Jr.
                                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE WINKELMAN, | : | |
| | : | Crim. No. 4:CR-01-304 |
| Petitioner, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| United States of America, | : | |
| | : | |
| Respondent. | : | |

**O R D E R**

August 9, 2010

For the reasons set forth in the foregoing memorandum,

**IT IS ORDERED THAT:**

1. Winkelman's Motion for Reconsideration is DENIED. (Rec. Doc. No. 1133).

2. There is no basis for the issuance of a certificate of appealability.

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge
