**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE A. WINKELMAN | : | |
| Petitioner, | : | |
| v. | : | No. 4:CR-01-304 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | (Chief Judge Kane) |

**M E M O R A N D U M**

**I.    BACKGROUND**

On June 18, 2003, a jury in the Middle District of Pennsylvania found defendant George A. Winkelman guilty of five counts related to narcotics trafficking.  On November 12, 2003, Judge McClure sentenced defendant George Winkelman to a term of imprisonment of 720 months.

Winkleman appealed his conviction.  On May 18, 2006, the United States Court of Appeals for the Third Circuit affirmed his conviction, but vacated the sentence and remanded the case for resentencing under United States v. Booker, 543 U.S. 220 (2005).  On October 17, 2006, the court resentenced George Winkelman to a term of imprisonment of 480 months. George Winkelman appealed the sentence but later moved to withdraw the appeal and the Third Circuit granted his motion to withdraw on January 19, 2007.

On October 1, 2010, Winkelman filed a "Motion for Return of Property, Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure" and a supporting brief. (Rec. Doc. Nos. 1141 and 1142.)  The government's opposing brief was due October 18, 2010.  No opposing brief was filed. Thus, according to the Middle District Local Rules, Judge McClure deemed Winkelman's motion unopposed.  On November 5, 2011, Judge McClure denied the motion without prejudice

stating:

> "The only remedy available to someone seeking to challenge an administrative forfeiture is a petition to set aside the forfeiture under 18 U.S.C. § 983(e)." Harris v United States, 2009 U.S. Dist. LEXIS 126150, 2010 WL 2370757 (E.D. Pa. June 16, 2009) (Angell, J.), citing 2000 Toyota Tundra Pickup Truck Asset ID No: 07-DEA-486182 v. USA, 2008 U.S. Dist. LEXIS 393380, 2008 WL 2078835 * 4 (E.D. PA. May 14, 2008) (Surrick, J.), see also 18 U.S.C. §1983(e)(5) "A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."
>
> A motion brought pursuant to 18 U.S.C. § 983(e) motion is not a matter ancillary to a closed criminal case, but is a civil proceeding. See United States v. Barnhardt, 555 F. Supp. 2d 184, 187 (D.C. Cir. 2008). Winkelman is thus put on notice that he will not be able to file a §983(e) motion under this criminal docket number, but will have to institute a new civil action.

(Rec. Doc. No. 1144 at 4-5.)

On November 15, 2010, Winkelman filed a motion requesting his motion for a return of property be deemed unopposed pursuant to Local Rule 7.6 along with a brief in support. (Rec. Doc. Nos. 1145 and 1145-1.) Because Judge McClure did treat his motion as unopposed, the instant motion is moot.

On November 17, 2010 Winkelman filed a "Motion for Reconsideration of Order Denying Petitioner's Motion Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, for the Return of the Petitioner's Property." (Rec. Doc. No. 1146.) Although no supporting brief was filed in accordance with the local rules, the Court will waive the requirement for a supporting brief as the reasons for the motion are set forth fully in the motion. Thus, the matter is ripe for disposition.

Now, for the reasons that follow the Court will deny Winkelman's Motion for Reconsideration.

**II.     DISCUSSION**

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Winkelman believes that the Court made an error of law and fact.  Winkelman argues first that the Court should not be bound by the label he gave to his motion.  Winkelman also

asserts that the Court misconstrued his reasons for arguing that the affidavit of probable cause used to obtain a search warrant of his house and an affidavit used by the government to freeze his bank account were falsified.

      The Court will deny the motion for reconsideration. Judge McClure did not deny the 41(g) motion on the merits. Rather, he merely dismissed the 41(g) motion without prejudice so that Winkelman could raise his arguments by filing an 18 U.S.C. § 983(e) motion as a new civil action. As stated in the order dated November 5, 2010, "Winkelman is thus put on notice that he will not be able to file a § 983(e) motion under this criminal docket number, but will have to institute a new civil action." (Rec. Doc. No. 1144 at 4.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE A. WINKELMAN** | : | |
| Petitioner, | : | |
| v. | : | No. 4:CR-01-304 |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | (Chief Judge Kane) |

**ORDER**

**NOW,** on this 6th day of June 2011, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's "Motion Pursuant to Local Rule 7.6 to Treat Petitioner George A. Winkelman's Motion for Return of Property, Appendix of Evidence and Brief in Support Thereof, as Unopposed" (Rec. Doc. No. 1145) is **DENIED** as moot.

2. Petitioner's "Motion for Reconsideration of Order Denying Petitioner's Motion Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, for the Return of the Petitioner's Property" (Rec. Doc. No. 1146) is **DENIED**.

   s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania