IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE A. WINKELMAN, : | |
|    Petitioner : | Criminal Action No. 4:01-cr-304 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| UNITED STATES OF AMERICA : | |
|    Respondent : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Petitioner George A. Winkelman's motion to amend or correct his brief in support of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1153.) For the reasons stated more fully herein, the Court deems the motion a second or successive 28 U.S.C. § 2255 motion, and will accordingly deny the motion for want of federal subject matter jurisdiction.

**I.  PROCEDURAL HISTORY**

On June 18, 2003, following a jury trial, Petitioner was found guilty of a number of drug-related offenses. (Doc. Nos. 725, 726.) The Honorable James McClure sentenced Petitioner to 720 months imprisonment, on November 13, 2003. The United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction, but vacated his sentence and remanded Petitioner's case for re-sentencing. (Doc. No. 984.) On remand, Judge McClure sentenced Petitioner to 480 months imprisonment. (Doc. No. 1006.) Petitioner filed a notice of appeal (Doc. No. 1007), which the Third Circuit dismissed on January 19, 2007, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure (Doc. No. 1017).

Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on February 23, 2007. (Doc. No. 1020.) Judge McClure issued a notice of election pursuant to United States

v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), on March 1, 2007.  (Doc. No. 1025.)  Petitioner returned the notice of election on March 19, 2007, and indicated that he wished to have the court rule on his 28 U.S.C. § 2255 motion as filed and that he understood that in so doing he lost his right to file a second or successive motion absent certification by the court of appeals.  (Doc. No. 1029.)  On March 10, 2008, Judge McClure denied Petitioner's motion to vacate his sentence and further ordered that no certificate of appealability would issue.  (Doc. No. 1076.)  Petitioner filed notice of appeal on March 27, 2008.  (Doc. No. 1081.)  The Third Circuit denied Petitioner's request for a certificate of appealability on July 10, 2008, concluding that "the appellant has not made a substantial showing of the denial of a constitutional right."  (Doc. No. 1093.)

This case was reassigned to the undersigned on December 22, 2010.

## II.     DISCUSSION

On October 17, 2011, Petitioner filed a motion to amend or correct his brief in support of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255.  (Doc. No. 1153.)  In the motion, Petitioner contends that he has uncovered new evidence that both further supports his motion to vacate and establishes his actual innocence.  (Doc. No. 1154.)  The motion to amend was filed more than three years after the district court denied the motion on the merits and more than three years after the Third Circuit denied Petitioner a certificate of appealability on the motion.  Although Petitioner is correct that Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend an original pleading when justice so requires, "once judgment has been entered the filing of an amendment under Rule 15 cannot be allowed until the judgment is set aside or vacated."  Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) (quoting 6

Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 1489, at 692-93 (2d ed. 1990)). Accordingly, the Court cannot construe Petitioner's motion as a motion to amend a motion that has already been denied. Rather, the Court must construe the motion to amend as a second or successive motion to vacate filed pursuant to 28 U.S.C. § 2255(h). See, e.g., United States v. Hill, No. 05-cv-921, 2005 U.S. Dist. LEXIS 8836, at *5-*6 (E.D. Pa. May 12, 2005) (construing motion to amend petitioner's Section 2255 motion as a second or successive motion where the motion to amend was filed after judgment had been entered on the original motion); see also Burris v. Parke, 130 F.3d 782, 783-84 (7th Cir. 1997) ("Appellate courts agree that a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b) . . . . Otherwise the statute would be ineffectual. Instead of meeting the requirements of § 2244(b), the petitioner would restyle his request as a motion for reconsideration in the initial collateral attack and proceed as if the AEDPA did not exist.").

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a second or successive habeas corpus application filed by a federal prisoner like Petitioner:

> [M]ust be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner has failed to obtain the certification required from the Third

Circuit to pursue a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255. Therefore, the Court lacks jurisdiction over Petitioner's motion. Id.

**ACCORDINGLY**, on this 20th day of October 2011, **IT IS HEREBY ORDERED THAT** Petitioner's motion to amend his previously filed motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1153) is **DENIED WITHOUT PREJUDICE** to Petitioner's right to seek permission from the United States Court of Appeals for the Third Circuit to file a second or successive motion under 28 U.S.C. § 2255.

      S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania