IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE A. WINKELMAN,   :   Petitioner   : | Criminal Action No. 4:01-cr-304 |
| v.   : | (Chief Judge Kane) |
| UNITED STATES OF AMERICA   :   Respondent   : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Petitioner George A. Winkelman's motion for reconsideration of this Court's order denying his motion to amend or correct his brief in support of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1159.) For the reasons stated more fully herein, the Court will deny the motion.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in

part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

In the present matter, Petitioner seeks to amend a motion that was filed more than three years after the district court denied the motion on the merits and more than three years after the Third Circuit denied Petitioner a certificate of appealability on the motion. Because judgment had been entered and had not been set aside, the Court declined to grant leave to amend and construed the motion as a second or successive motion to vacate his sentence. See Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) ("[O]nce judgment has been entered the filing of an amendment under Rule 15 cannot be allowed until the judgment is set aside or vacated."). Petitioner suggests the Court misunderstood his argument regarding whether he was filing a motion to amend pursuant to Rule 15(a) or Rule 15(c) of the Federal Rules of Civil Procedure. It did not. Rule 15(c) serves a limited purpose, namely, to ameliorate the effect of the statute of limitations where a party seeks to amend a pleading pursuant to Rule 15(a). Bloomfield Mech. Contracting, Inc. v. Occupational Safety & Health Review Com., 519 F.2d 1257, 1262 (3d Cir. 1975). The Court has not denied Petitioner's motion because of any concern with the relevant statute of limitations. Rather, the Court denied Petitioner's motion because the Court construed Petitioner's motion as a second or successive motion to vacate filed pursuant to 28 U.S.C. §

2255(h).  Petitioner has failed to obtain the certification required from the Third Circuit to pursue a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255.  Therefore, there was no error in the Court's initial order.  (Doc. No. 1155.)

**ACCORDINGLY**, on this 7th day of December 2011, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. No. 1159) is **DENIED**.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania