IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE A. WINKELMAN, : | |
|     Petitioner : | Criminal Action No. 4:01-cr-304 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| UNITED STATES OF AMERICA, : | |
|     Respondent : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Petitioner George A. Winkelman's motion to set aside the Court's March 10, 2008 order denying his motion to vacate his sentence pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 1168.) For the reasons stated more fully herein, the Court deems the motion a second or successive 28 U.S.C. § 2255 motion and will accordingly deny the motion for want of federal subject matter jurisdiction.

**I.    PROCEDURAL HISTORY**

On June 18, 2003, following a jury trial, Petitioner was found guilty of a number of drug-related offenses. (Doc. Nos. 725, 726.) The Honorable James McClure sentenced Petitioner to 720 months imprisonment, on November 13, 2003. (Doc. No. 863.) The United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction, but vacated his sentence and remanded Petitioner's case for re-sentencing. (Doc. No. 984.) On remand, Judge McClure sentenced Petitioner to 480 months imprisonment. (Doc. No. 1006.) Petitioner filed a notice of appeal (Doc. No. 1007), which the Third Circuit dismissed on January 19, 2007, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure (Doc. No. 1017).

Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on February 23, 2007. (Doc. No. 1020.) Judge McClure issued a notice of election pursuant to <u>United States</u>

v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), on March 1, 2007.  (Doc. No. 1025.)  Petitioner returned the notice of election on March 19, 2007, and indicated that he wished to have the court rule on his 28 U.S.C. § 2255 motion as filed and that he understood that in so doing he lost his right to file a second or successive motion absent certification by the court of appeals.  (Doc. No. 1029.)  On March 10, 2008, Judge McClure denied Petitioner's motion to vacate and ordered that no certificate of appealability would issue.  (Doc. No. 1076.)  Petitioner filed notice of appeal on March 27, 2008.  (Doc. No. 1081.)  The Third Circuit denied Petitioner's request for a certificate of appealability on July 10, 2008, concluding that "the appellant has not made a substantial showing of the denial of a constitutional right."  (Doc. No. 1093.)

This case was reassigned to the undersigned on December 22, 2010.  Petitioner filed a motion to amend his motion to vacate sentence on February 23, 2007 pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure.  (Doc. No. 1159.)  The Court construed Petitioner's motion to amend as a second or successive Section 2255 motion on December 7, 2011, and denied the motion for lack of subject matter jurisdiction.  (Doc. No. 1166.)

## II.   DISCUSSION

On January 9, 2012, Petitioner filed a motion to set aside judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure requesting that the Court reconsider its March 10, 2008 order denying his motion to vacate his sentence.  (Doc. No. 1153.)  In this motion, Petitioner contends that he has uncovered new evidence that both further supports his motion to vacate and establishes his actual innocence.  (Doc. No. 1168.)   Petitioner is correct in asserting that Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  However, "when the Rule 60(b) motion seeks to collaterally attack the petitioners' underlying

conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Petitioner does not challenge the disposition of his first motion to vacate. Rather, he raises new claims attacking the validity of his conviction, namely that new evidence exists that proves his innocence and that an adverse witness committed perjury at trial. (Doc. No. 1169.) These issues raised by Petitioner in his Rule 60(b) motion are intended as a means of collaterally attacking his underlying conviction and, as such, the motion must be construed as a successive habeas petition. Pridgen, 380 F.3d at 727.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a second or successive habeas corpus application filed by a federal prisoner like Petitioner:

> [M]ust be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Because Petitioner's Rule 60(b) motion is construed as a successive habeas petition, it must be accompanied by certification from the Circuit Court authorizing the petition. 28 U.S.C. § 2255(h). Petitioner has failed to obtain the certification required from the Third Circuit; therefore, the Court lacks jurisdiction over Petitioner's motion. Id.

**ACCORDINGLY**, on this 19th day of January 2012, **IT IS HEREBY ORDERED THAT** Petitioner's motion to set aside judgment under Rule 60(b) (Doc. No. 1168) is **DENIED WITHOUT PREJUDICE** to Petitioner's right to seek permission from the United States Court

of Appeals for the Third Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255.

      S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania